# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mitchell Davis Holbach, | ) |
|           Plaintiff, | ) |
|           vs. | ) Case No. 3:13-cv-95 |
| | ) **REPORT AND RECOMMENDATION** |
| North Dakota State Hospital, Alex Schweitzer, Administrator, Dr. Allan, Dr. Pryatel, Dr. Coombs, Dr. Yabut, and North Dakota State Attorney General Wayne Stenjehem, | ) |
|           Defendants. | ) |

Plaintiff Mitchell David Holbach ("Holbach") submitted for filing a complaint, an application to proceed *in forma pauperis* ("IFP"), and a motion for protective and emergency relief. (Doc. #1, Doc. #5). Holbach is a serial litigator and is subject to the Prison Litigation Reform Act's "three strikes" provision, codified at 28 U.S.C. § 1915(g). The court ordered service of the motion to proceed IFP upon the defendants and directed them to specifically address whether Holbach has met the imminent danger exception, which is required for Holbach to proceed IFP. (Doc. #9). Defendant's filed a response to the motion. (Doc. #10). Holbach filed a reply, a motion for sanctions, and a motion to add an additional defendant. (Doc. #13, Doc. #15).

**Summary of Recommendation**

Holbach has not established he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Accordingly, it is **RECOMMENDED** that Holbach's motion to proceed IFP (Doc. #2) be **DENIED**. It is further **RECOMMENDED** that Holbach's motion for

protective and emergency relief (Doc. #5), his motion for sanctions (Doc. #15), and his motion to add an additional defendant (Doc. #15) be **DENIED**.

## Law and Discussion

Holbach is currently confined in connection with state criminal proceedings at the North Dakota State Hospital ("NDSH"). Holbach was charged in state district court with terrorizing, and it was determined in his criminal case that he was not competent to understand the proceedings or assist in his defense. (See Order, Doc. #11-1) (state district court finding that Holbach lacked fitness to proceed and order of commitment); State v. Holbach, 2014 ND 14, __ N.W.2d __ (affirming the state district court order of pretrial commitment, as modified, to include that Holbach's continued pretrial commitment must be determined under the procedures of N.D. Cent. Code ch. 25-03.1). The terrorizing charge is still pending against Holbach. See State v. Holbach, Ward County, Case No. 51-11-K-00480. Accordingly, Holbach is a pretrial detainee and is a "prisoner" subject to the requirements of the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(h) (The term "prisoner" includes "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ."); Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) ("For a person held on unresolved criminal charges . . . there is no difficulty at all" in determining that he fits within the PLRA's definition of "prisoner."); Sailee v. Anoka County, No. 08–CV–6043, 2009 WL 57032, *1 n. 1 (D.Minn. Jan. 7, 2009) (If plaintiff was committed in a criminal case and has pending criminal charges in that case, then he is a prisoner subject to the PLRA.); (Banks v. Thomas, No. 11–301–GPM, 2011 WL 1750065, *2 (S.D.Ill., May 6, 2011) (finding that persons unfit to stand trial are pretrial detainees and are prisoners subject to the PLRA); Ruston v. Church of Jesus Christ of Latter-Day

Saints, No. 2:06–CV–526, 2007 WL 2332393, *1 (D.Utah, Aug. 13, 2007) (holding that individuals confined for a determination of mental competency to stand trial are pretrial detainees subject to the requirements of the PLRA).

Under 28 U.S.C. § 1915(g) a prisoner may not bring a civil action IFP if he has on three or more prior occasions brought actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. This court has previously determined Holbach has at least "three strikes."[1] See Holbach v. State, D.N.D. Case No. 1:11-cv-52, Doc. #8 (order denying Holbach's application to proceed IFP and detailing Holbach's litigation history, including those actions which count as strikes). 28 U.S.C. § 1915(g) prevents a prisoner with "three strikes" from proceeding IFP unless the inmate is under imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (imminent danger must exist at the time of the filing of the complaint or appeal). Holbach states that on October 24, 2013, defendants forcibly medicated him without his consent and without a court order. (Doc. #3, p. 2; Doc. #13, p. 2). Holbach states that the defendants caused irreparable physical, emotional and psychological injury to him, and that his body chemistry has been forever altered. (Doc. #3, p. 2; Doc. #13, p. 2).

The defendants submitted progress notes from the NDSH that indicate Holbach was placed in clinical seclusion on October 23, 2013, following altercations with other patients.

---

[1] The cases in which Holbach accumulated strikes are Holbach v. Murphy, No. 4:08–cv–074, 2008 WL 4661481 (D.N.D. Oct. 20, 2008), aff'd, No. 08–3741 (8th Cir. Aug. 13, 2009); Holbach v. McLees, No. 4:09–cv–025, 2009 WL 1688180 (D.N.D. June 16, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010); Holbach v. Jenkins, No. 4:09–cv–026, 2009 WL 2382756 (D.N.D. July 30, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010); and Holbach v. Attorney General of North Dakota, No. 1:09–cv–067, Docket No. 5 (D.N.D. November 5, 2009), aff'd 366 F. App'x 702 (8th Cir. 2010).

(Doc. #11-3, Doc. #11-4). On October 24, 2013, Family Nurse Practitioner Allen Weisenburger ("Weisenburger") prescribed Holbach Lorazepam (Ativan), Haloperidol (Haldol), and diphenhydramine (Benadryl) to be taken orally. (Doc. #11-2); (see also, Aff. of Ed P. Yabut, M.D., Doc. #11, p. 2). The progress notes state that Holbach took the medication orally, suffered no adverse side effects, and the medication was effective. (Doc. #11-4). Weisenburger noted in the "Recovery Plan goals" section of the progress notes that Holbach "has refused all psychotropic medications," but received occasional doses as needed. (Doc. #11-3). Weisenburger wrote that attempts to review the risks and benefits of medications were unsuccessful because Holbach "is not interested in meds." Id. Additionally, Weisenburger noted that Holbach had made no progress, they would need forced medication to treat him, and that had "not been accomplished because of the court system." Id.

Erwin Fisher ("Fisher"), a registered nurse employed by the NDSH, submitted an affidavit stating that he prepared the medications, he entered Holbach's room with other staff present in case Holbach became aggressive, he informed Holbach that he had medication for him, Holbach said "something to the effect that he did not think that he really needed them or that he did not really want them," Fisher told Holbach he was "simply offering them to him," Holbach took the medications voluntarily and used water to swallow the pills, Holbach allowed Fisher to check his mouth to ensure he swallowed the medication, and Fisher did not threaten or force Holbach to take the medication. (Aff. of Erwin Fisher, Doc. #12). Dr. Ed Yabut, a psychiatrist employed by the NDSH, stated in an affidavit that staff cannot force a patient to take medication orally, and any medication administered through force is injected into the muscle. (Aff. of Ed P. Yabut, M.D., Doc. #11); (see also Aff. of Erwin Fisher, Doc. #12, p. 2)

4

("Medication administered to a patient without the patient's consent is administered into the muscle by injection (intramuscular injection).").

Holbach states he took the medication because he was afraid. (Doc. #13, p. 5). He contends that Weisenburger said, "You['re] getting it one way or the other," that several staff members entered Holbach's room, a staff member told Holbach "take it or else," and one staff member had in his or her possession "a needle, and other paraphernalia." (Doc. #13, pp. 2-5). Holbach contends they could have given him the medication through the slot in the door, and they entered his room to threaten him and force him to take the medication. (Doc. #13, pp. 3-4). Holbach alleges other records, which are being concealed by the defendants, would demonstrate the pharmacy had prepared "force medication." (Doc. #13, p. 4).[2]

Holbach contends that as a result of the medication he experienced adverse side effects such as nausea, tremors, accelerated pulse, irregular heartbeat, headaches, cramps, blurred vision and other vision anomalies such as seeing flashes, colors and stars, nightmares, the swelling of his tongue, fingers, feet and ankles, muscle weakness, respiratory issues, pain, a tingling sensation, difficulty balancing when standing, and spasms. (Doc. #13, p. 7). Holbach believes he will again be forcibly medicated in an effort to cause him to suffer an overdose and be silenced. (Doc. #13, p. 7). Holbach contends that NDSH filed a petition with the state district court requesting authorization to forcibly medicate him.[3] (Doc. #13, p. 5).

---

[2] The court assumes Holbach is alleging that had he not taken the medication orally, a needle was available in the room to administer the medication by injection.

[3] Holbach requests that the defendants be sanctioned because in their response they stated that they currently have no intent to forcibly medicate Holbach, however, a petition was allegedly filed in the state district court requesting authorization. (Doc. #13, p. 5). In the order for Holbach's commitment the state district court noted that staff may petition the court for

It is undisputed that Holbach voluntarily took the medication on October 24, 2013, and washed it down with water. Holbach states he did so because he was afraid. Under Holbach's version of the events, if he had not taken the medication the defendants would have administered the prescriptions by force through injection. Notably, according to Weisenburger's progress notes, Holbach has refused nearly all suggestions that he take medications, yet on some occasions he has taken them as needed. (See Doc. #11-3). The notes demonstrate that Holbach knows he can refuse medication and has done so in the past without his refusal resulting in forced administration of the medication, yet on this one occasion Holbach felt compelled to take the medication due to perceived threats. Regardless of whether Holbach was compelled to take the medication on that occasion, and regardless of whether the side effects Holbach allegedly suffered as a result of the medication constitute a sufficiently severe physical injury, Holbach has not demonstrated that he faces imminent danger.

"[I]mminent danger of serious physical injury must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted) (finding no imminent danger where plaintiff was forced to work outside in inclement weather on two occasions five months apart, and where plaintiff made conslusory allegations that the defendants were trying to kill him). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Id. (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). According to Holbach, he felt

---

authorization to forcibly medicate Holbach if they believe it is necessary. (Order, Doc. #11-1, p. 5).

compelled to take the medication on only one occasion, and a petition is pending before the state district court seeking authorization to forcibly medicate him. Also, based on the progress notes it appears Holbach has refused medication in the past with no repercussions, and NDSH has no plan to forcibly medicate Holbach absent a court order. From the time Holbach submitted his proposed complaint through the present, he has not been and is not now under imminent danger of serious physical injury as a result of forced medication. It is **RECOMMENDED** that Holbach's motion to proceed IFP (Doc. #2), his motion for protective and emergency relief (Doc. #5), his motion for sanctions (Doc. #15), and his motion to add an additional defendant (Doc. #15) be **DENIED**. It is further **RECOMMENDED** that case be **DISMISSED** without prejudice to reopening upon the payment of the filing fee and that the court find any appeal would be frivolous, could not be taken in good faith, and may not be taken IFP.

 Dated this 20th day of February, 2014.

             /s/ *Karen K. Klein*
             Karen K. Klein
             United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

 Pursuant to Local Court Civil Rule 72.1(D)(3), any party may file written objections to this Report and Recommendation by **March 10, 2014**. Failure to file objections may result in the recommended action being taken.